**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1813 CAS |
| | ) | |
| NATIONAL PERSONNEL RECORDS | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss or in the alternative for summary judgment filed by defendant United States National Archives and Records Administration ("NARA")[1], and a motion to dismiss filed by defendant Arnold Franke. Pro se plaintiff Deborah Banks opposes the motions. For the following reasons, defendant NARA's motion to dismiss plaintiff's claims under Title VII of the Civil Rights Act of 1964 should be granted and its alternative motion for summary judgment on those claims should be denied as moot. Defendant Franke's motion to dismiss will be granted to the extent plaintiff attempts to assert a Title VII claim against him.

The Court also interprets the complaint as seeking judicial review of an administrative decision pursuant to 5 U.S.C. § 7703. The Court lacks subject matter jurisdiction over the claim for judicial review. Therefore, that aspect of the complaint should be severed and transferred to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

---

[1]Defendant United States National Archives and Records Administration was sued as "National Personnel Records Center."

**Factual and Procedural Background**.

Deborah Banks was an employee of NARA's National Personnel Records Center ("NPRC") in St. Louis, Missouri. Plaintiff worked as an Archive Technician at NPRC and was responsible for sending United States military veterans documents the veterans requested. These documents contained personal information protected by the Privacy Act of 1974, 5 U.S.C. § 552a. On October 1, 2004, plaintiff was issued a Letter of Removal which terminated her employment at NPRC for releasing protected information to unauthorized parties.[2] Prior to the termination, plaintiff had received written counseling for sending personal records to unauthorized parties. Plaintiff had also received an official reprimand and was suspended twice, once for three days and once for fourteen days, for being Absent Without Leave.

On October 4, 2004, plaintiff filed a union grievance regarding her termination, pursuant to the collectively-bargained National Agreement between NARA and the American Federation of Government Employees dated April 2002 ("CBA"). The grievance did not contain any reference to discrimination as a defense to or as a basis of plaintiff's termination. Plaintiff's grievance was denied and plaintiff requested arbitration concerning her removal. A hearing was conducted before the arbitrator, defendant Franke, on July 21, 2005 and August 2, 2005. The issue at the arbitration proceeding was whether the Letter of Removal issued to plaintiff violated Article 22, Section 10 of the CBA. On September 28, 2005, the arbitrator issued an Award of Arbitrator which found in favor of NARA and concluded there was no proof NARA had violated the CBA.

---

[2]The record indicates that plaintiff was alleged to have sent the wrong records to requesting parties. For example, if veteran Doe requested his military separation records, plaintiff may have sent him the records belonging to veteran Smith instead.

Plaintiff did not initiate counseling with NARA's Equal Employment Opportunity ("EEO") office, nor did she file a formal complaint of discrimination with the EEO office.

Plaintiff filed the instant lawsuit on October 7, 2005, within thirty days after the arbitrator issued the Award of Arbitrator. The suit was filed using a court-provided form Title VII complaint. Defendant NARA moves to dismiss the complaint on the basis that plaintiff failed to exhaust her administrative remedies with respect to any Title VII claim. Defendant Franke moves to dismiss on the bases that plaintiff has failed to exhaust her administrative remedies, no Title VII claim can be asserted against him because he was not plaintiff's employer, and he is entitled to quasi-judicial immunity.

Plaintiff responds that defendants misinterpret and misquote her complaint, which is actually an appeal of the arbitrator's award pursuant to the negotiated grievance procedure under 5 U.S.C. § 7121. Plaintiff states that the case is properly filed in the district where she resides, pursuant to 5 U.S.C. § 7703. Plaintiff states that NARA's arguments concerning exhaustion of administrative remedies are therefore moot and not applicable.

Defendant NARA replies that a petition for judicial review of an arbitrator's decision must be filed in the United States Court of Appeals for the Federal Circuit, unless the case appealed involves discrimination. In that instance, the case should be filed in the appropriate federal district court. NARA states that plaintiff did not raise claims of discrimination in her grievance, and therefore any jurisdiction to review the arbitrator's decision lies with the Federal Circuit, and this Court lacks jurisdiction. NARA also states, "Because the Complaint only contains allegations of discrimination, transfer to the Federal Circuit is not required." NARA Reply at 5, n.4. Defendant Franke joined in NARA's reply.

**Legal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This standard applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus v. Sullivan, 4 F.3d 590, 593 & n.1 (8th Cir. 1993); Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U.S. 825 (2003).

**Discussion**.

    **A. Title VII Claims**.

As stated above, plaintiff filed a form Title VII complaint which includes the assertions that defendants terminated her employment based on her race, sex and national origin. See Complaint at 3. As a federal employee, plaintiff is subject to the "federal employment" provisions of Title VII, which contemplate that each federal agency will establish procedures for the processing of discrimination complaints. 42 U.S.C. § 2000e-16(b). EEOC regulations require that employees of federal agencies who believe they have been discriminated against must consult an EEO Counselor prior to filing a complaint in order to try to informally resolve the matter. See 29 C.F.R.

4

§ 1614.105(a). Such employees must initiate contact with a counselor within 45 days of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. See 29 C.F.R. § 1614.105(a)(1). The EEO counselor then conducts a final interview with the aggrieved person within thirty days of the date the aggrieved person brought the matter to the counselor's attention. see 29 C.F.R. § 1614.105(d). If the matter has not been resolved within that thirty-day period, the aggrieved person is to be notified not later than the thirtieth day of the right to file a formal discrimination complaint. Id.

"Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court." McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995) (citing Brown v. General Services Admin., 425 U.S. 820, 835 (1976)). Failure to exhaust administrative remedies bars a plaintiff from raising the Title VII claims in federal court. Brown, 425 U.S. at 832; Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999).[3]

It is undisputed that plaintiff did not contact an EEO counselor within 45 days of the effective date of her removal, or file a formal complaint of discrimination. Plaintiff has not exhausted her administrative remedies with respect to her allegations of illegal discrimination. Accordingly, NARA's motion to dismiss plaintiff's Title VII claims should be granted, and its motion for summary judgment on these claims should be denied as moot. Defendant Franke's motion to dismiss plaintiff's Title VII claims should also be granted. Because the issue of administrative exhaustion is

---

[3]Both NARA and defendant Franke assert that the Court lacks subject matter jurisdiction over the complaint because plaintiff failed to exhaust administrative remedies. This is incorrect. Administrative prerequisites to court actions for employment discrimination are not of a jurisdictional nature, and therefore plaintiff's complaint is not subject to dismissal for lack of subject matter jurisdiction. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94 (1982). The administrative exhaustion requirement is interpreted as a statute of limitations which may be subject to equitable tolling. Briley v. Carlin, 172 F.3d 567, 570 (8th Cir. 1999).

determinative, the Court does not reach defendant Franke's arguments concerning whether he is a proper defendant in a Title VII action and that he is entitled to quasi-judicial immunity.

**B. Judicial Review of Arbitrator's Award.**

In response to the defendants' motions to dismiss, plaintiff asserts that her complaint is actually an appeal of the arbitrator's award in the negotiated grievance procedure. The record supports plaintiff's assertion. Although plaintiff filed her complaint on a Title VII form, she attached a typewritten statement to it which states in pertinent part, "I Deborah Banks wish to file an appeal of the decision render [sic] by arbitrator Arnold Franke when he ruled that the National Archives Records and [sic] Administration had just cause to remove me after 25 years of government service." Complaint at 5. The next two paragraphs of the typewritten statement address the basis of the arbitrator's decision and plaintiff's reasons for disagreement with that decision. Id. The reasons given by plaintiff do not include any assertions concerning illegal discrimination based on race, sex, or national origin, but rather focus on plaintiff's quality of work, her prior performance reviews, and discipline imposed on other employees for similar infractions. Based on the foregoing, it is clear that plaintiff's complaint asserts claims arising under the federal civil service laws, even though it was filed on a form Title VII complaint.[4] NARA's assertion that plaintiff's complaint contains only allegations of discrimination is plainly incorrect.

A federal employee who suffers a significant adverse employment action such as removal from employment has three options for seeking redress. The employee may (1) appeal to the Merit

---

[4]As noted above, plaintiff is pro se, and the Court is required to liberally construe a complaint on a motion to dismiss. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). In addition, the Court has no way of knowing whether plaintiff requested the Title VII form complaint or if Clerk's Office personnel simply provided plaintiff with that form rather than the general form complaint.

Systems Protection Board (the "Board") pursuant to 5 U.S.C. § 7513; (2) initiate a negotiated grievance procedure if her job was covered by a collective bargaining agreement, see 5 U.S.C. § 7121; or (3) file an EEO complaint if she believes the removal was based on discrimination prohibited by Title VII or another federal anti-discrimination statute, see 29 C.F.R. Part 1614. An employee may also raise claims of illegal discrimination in an appeal to the Board, see 5 U.S.C. § 7702(a)(1)(B), or in a negotiated grievance procedure. See 5 U.S.C. § 7121(d); see also Ex. 6, NARA's Mem. Supp. Summ. J., National Agreement between NARA and American Federation of Government Employees at 62-63, Art. 23, Sections 1-4. Whichever option the federal employee chooses to pursue constitutes an election of remedies. See 5 U.S.C. § 7121(e)(1); McAdams, 64 F.3d at 1142.

In this case, plaintiff elected to pursue the negotiated grievance procedure. Plaintiff did not raise claims of discrimination in the grievance procedure, but rather asserted only civil service-type claims. After her grievance was denied, plaintiff pursued arbitration of the denial, but raised only civil service issues in the arbitration proceeding and did not raise any claims of discrimination.

Judicial review of decisions made concerning federal employees' claims in negotiated grievance procedures are controlled by 5 U.S.C. § 7121(f), which provides that judicial review of an arbitrator's award under the negotiated grievance procedure is governed by the same rules applicable to judicial review of decisions of the Merit System Protection Board under 5 U.S.C. § 7703. Section 7703 provides that a petition for review of a Board decision "shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1). If the case appealed involved discrimination, however, it "shall be filed under section 717(c) of the Civil Rights Act," 5 U.S.C. §

7703(b)(2), meaning in the appropriate federal district court. See 42 U.S.C. §2000e-16(c) and 42 U.S.C. § 2000e-5.

Thus, whether jurisdiction over the judicial review portion of this case lies in this Court or in the Federal Circuit depends on whether allegations of discrimination were raised before the arbitrator. If no such claims were raised, jurisdiction over the case lies solely with the Federal Circuit. See 5 U.S.C. § 7703(b)(1); Williams v. Department of the Army, 715 F. 2d 1485, 1487 (Fed. Cir. 1983); Chaney v. Rubin, 986 F. Supp. 516, 520 (N.D. Ill. 1997). This Court would have jurisdiction over the case only if it involved claims of discrimination raised before the arbitrator, because "[t]he statutory scheme set forth in 5 U.S.C. §§ 7702, 7703 precludes a court from exercising jurisdiction over the case of a petitioner who has not raised discrimination claims before the [arbitrator]." Hays v. Postmaster General of the United States, 868 F.2d 328, 330 (9th Cir. 1989); see 5 U.S.C. § 7703(b)(2);

It is undisputed that plaintiff never raised any claims of discrimination in the negotiated grievance procedure or before the arbitrator. Consequently, this Court lacks jurisdiction over plaintiff's complaint for judicial review of the arbitrator's award, and exclusive jurisdiction lies with the Federal Circuit. See 5 U.S.C. § 7703(b)(1).

Whenever a court finds that it lacks jurisdiction over a case, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. Under this section, the Court must consider whether transfer of this action to the Federal Circuit is proper. Plaintiff's complaint for review of the arbitrator's decision would have been timely had it been filed in the

Federal Circuit on October 7, 2005.[5] The Court finds that it would be in the interest of justice to transfer this action, as plaintiff attempted to preserve her right to seek judicial review of the arbitrator's decision and raised claims arising under the federal civil service laws, even though she filed her suit in the wrong forum on a form Title VII complaint. The Court will, therefore, order the case transferred to the United States Court of Appeals for the Federal Circuit.

**Conclusion**.

For the foregoing reasons, defendants NARA and Franke's motions to dismiss plaintiff's Title VII claims should be granted for failure to exhaust administrative remedies. NARA's alternative motion for summary judgment on the Title VII claims should be denied as moot. On the Court's own motion, plaintiff's claims against the defendants seeking judicial review of the arbitrator's award will be transferred to the United States Court of Appeals for the Federal Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant United States National Archives and Records Administration's motion to dismiss plaintiff's Title VII claims for failure to exhaust administrative remedies is **GRANTED** [Doc. 17], and its alternative motion for summary judgment on plaintiff's Title VII claims is **DENIED as moot**. [Doc. 17]

**IT IS FURTHER ORDERED** that defendant Arnold Franke's motion to dismiss plaintiff's Title VII claims is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiff's claims seeking judicial review of the arbitrator's award dated September 28 2005, over which this Court lacks subject matter jurisdiction,

---

[5]Under 5 U.S.C. § 7703(b)(1), a petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board, or in this case, the arbitrator. Plaintiff filed her complaint in this Court within 30 days of the arbitrator's decision.

are **TRANSFERRED** to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

An appropriate order of dismissal and a separate order of transfer shall accompany this memorandum and order.

                                                                        **CHARLES A. SHAW**
                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of June, 2006.